# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | **Jointly Administered** |
| | ) | **Case No. 03-12339 (PJW)** |
| **PILLOWTEX CORPORATION, <u>et al.</u>,**[1] | ) | |
| | ) | **Chapter 11** |
| **Debtors.** | ) | |
| | ) | **Re: D.I.  2908, 2925, 2954, 2957** |

## APPELLEE DEBTORS' DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8006, appellee Pillowtex Corporation and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit the following designation of additional items to be included in the record on appeal from the order dated May 16, 2007 (D.I. 2908), granting Debtors' motion for approval of a settlement of preference claims against Stein Fibers Ltd..

## DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The Appellants hereby designate the following additional items to be included in the record on appeal:

---

[1]     *In addition to Pillowtex Corporation, the other debtors are Beacon Manufacturing Company, Encee, Inc., FC Online, Inc., FCC Canada, Inc., FCI Corporate LLC, FCI Operations LLC, Fieldcrest Cannon Financing, Inc., Fieldcrest Cannon Licensing, Inc., Fieldcrest Cannon Transportation, Inc., Fieldcrest Cannon, Inc., The Leshner Corporation, Opelika Industries, Inc., PTEX Holding Company, PTEX, Inc. and Tennessee Woolen Mills, Inc.*

| TAB NO. | DOCKET NO. | DESCRIPTION OF PLEADING/EVIDENCE |
|---|---|---|
| 1. | 55<br><br>(In Adv. Proc. No. 05-30215) | *Defendant's Motion to Continue Trial, Reopen Discovery, and Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by Defendant; Response to Plaintiff's Motion to Strike Defendant's Reply Brief and Accompanying Amended Statement of Uncontroverted Facts and Affidavits; and Withdrawal of Certain Affirmative Defense,* filed August 10, 2006 in Adversary Proceeding Case No. 05-30215 |
| 2. | 51<br><br>(In Adv. Proc. No. 05-52131) | *Defendant's Motion to Continue Trial, Reopen Discovery, and Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by Defendant; Response to Plaintiff's Motion to Strike Defendant's Reply Brief and Accompanying Amended Statement of Uncontroverted Facts and Affidavits; and Withdrawal of Certain Affirmative Defenses,* filed August 10, 2006 in Adversary Proceeding Case No. 05-52131 |

Copies of the counter-designated items are attached hereto.

Dated: June 18, 2007
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Gilbert R. Saydah Jr.*
William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah Jr. (No. 4304)
1201 Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200

-and-

DEBEVOISE & PLIMPTON LLP
Michael E. Wiles
Richard F. Hahn
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000

*Attorneys for the Debtors*

864677.1

## TAB 1

*Defendant's Motion to Continue Trial, Reopen Discovery, and Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by Defendant; Response to Plaintiff's Motion to Strike Defendant's Reply Brief and Accompanying Amended Statement of Uncontroverted Facts and Affidavits; and Withdrawal of Certain Affirmative Defense*, filed August 10, 2006 in Adversary Proceeding Case No. 05-30215

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PILLOWTEX CORPORATION, *et al.*, | ) | Case No. 03-12339 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF | ) | |
| PILLOWTEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-30215 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| WELLMAN, INC. a/k/a WELLMAN, | ) | |
| INC., CHAR/ATLANTA a/k/a | ) | |
| WELLMAN, INC., CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL, REOPEN DISCOVERY,
AND ALLOW SUR-REPLY BY PLAINTIFF AND SUR-SUR-REPLY BY
DEFENDANT; RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S REPLY BRIEF AND ACCOMPANYING AMENDED
STATEMENT OF UNCONTROVERTED FACTS AND AFFIDAVITS; AND
WITHDRAWAL OF CERTAIN AFFIRMATIVE DEFENSES**

Defendant Wellman, Inc. ("Wellman"), (1) moves for (A) a continuation of the

trial scheduled in this adversary proceeding, (B) the allowance of a sur-reply brief by

Plaintiff and a sur-sur-reply brief by Wellman, and (C) the reopening of discovery to

accommodate certain depositions by Plaintiff; (2) makes this response to Plaintiff's

motion to strike ("Plaintiff's Motion to Strike") (X) portions of Wellman's brief in reply

("Defendant's Reply Memo") to Plaintiff's opposition ("Plaintiff's Opposition") to

Defendant's motion for partial summary judgment ("Wellman's Summary Judgment

Motion"), (Y) portions of Defendant's amended statement of uncontroverted facts in support of motion for summary judgment ("Defendant's Amended Statement"), and (Z) affidavits in support of Defendant's Reply Memo; and (3) withdrawal of all affirmative defenses asserted in Defendant's answer except for the defense of subsequent new value under 11 U.S.C. § 547(c)(4). In support thereof, Wellman states as follows:

1.      Wellman agrees with Plaintiff's "Background" facts as stated in paragraphs 1 through 6 and 8 and 9 of Plaintiff's Motion to Strike. Wellman disputes Plaintiff's "Background" facts as stated in paragraph 7 of Plaintiff's Motion to Strike to the extent that Wellman disputes Plaintiff's assertion that "various crucial facts asserted in [Wellman's Summary Judgment Motion] were not based on admissible evidence or personal knowledge and thus not in compliance with Fed. R. Civ. P. 56(e)."

2.      Wellman also states that it responded to Plaintiff's initial discovery requests ("Wellman's Initial Discovery Responses") on or about January 20, 2006.

**A.  There was no violation of Local Rule 7007-2(b)(ii).**

3.      Wellman's Summary Judgment Motion relied on the affidavit of Werner E. Wolckenhauer, who is Wellman's credit manager with responsibility for the sales to the Debtors. This affidavit included an Exhibit 1 that calculated the subsequent new value defense by setting forth a description of each of the payments received during the preference period and the date that each was received, and a description of each of the invoices that comprised subsequent new value and the date that each new value was given.

4.      In response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Wolckenhauer did not have personal knowledge of some of the statements in his affidavit

2

or of the documents identified on the Exhibit 1 to his affidavit and that copies of the documents were not attached, Wellman, in support of the Defendant's Reply Memo, included the supplemental affidavit of Mr. Wolckenhauer with an Amended Exhibit 1A that contained all of the data points in the original Exhibit 1 but also identified, by Bates number, the copy of the invoice and the copy of the bill of lading for that invoice that had previously been produced to Plaintiff by Wellman, and copies of these documents were attached to this supplemental affidavit. Of the 169 invoices listed on Amended Exhibit 1A and Exhibit 1, copies of all but one of the invoices had been previously produced to Plaintiff. Of the 169 invoices listed on Amended Exhibit 1A and Exhibit 1, copies of 12 bills of lading could not be located by Wellman, and copies of only four bills of lading were located that had not been previously produced by Wellman. Copies of these four bills of lading were attached to the affidavit of Renda Trammell.

5.    With regard to the "subsequent new value" invoices and bills of lading, the affidavit of Renda Trammell essentially authenticated that the copies of these documents previously produced by Wellman to Plaintiff, and the few additional copies attached to her affidavit, were true and accurate and were admissible as Wellman's business records.

6.    In Wellman's Initial Discovery Responses, which were provided to Plaintiff on or about January 20, 2006, Wellman identified by invoice date, number, and amount each of the invoices listed on Amended Exhibit 1A and Exhibit 1.

7.    With regard to the "subsequent new value" invoices and bills of lading listed on Amended Exhibit 1A, there were only four bills of lading (these are indicated by "EXH 2") that had not previously been produced to Plaintiff before Plaintiff took any depositions in this case. Further, as shown by Amended Exhibit 1A, the invoices for

3

these four bills of lading are assumed by Wellman to have been received on the date of the invoice, and not at a later date. Thus, these four bills of lading merely provide further evidence that the products represented by these four invoices were indeed received by the Debtors.

8.    With regard to the dates that the payments made by check to Wellman by the Debtors were received, which dates were set forth in Amended Exhibit 1A and Exhibit 1, these dates were also disclosed to Plaintiff in Wellman's Initial Discovery Responses on or about January 20, 2006. Further, printouts from Wellman's accounting system showing the date payments were received and posted by Wellman (with receipt generally preceding posting by one business day) were produced by Wellman to Plaintiff as Bates nos. 001 through 055.

9.    The affidavit of Ms. Trammell attached the copies of the receipts from Wellman's bank and authenticated that the copies of these documents were true and accurate and were admissible as Wellman's business records.

10.    With regard to the dates that the payments made by wire transfer to Wellman by the Debtors were received, which were set forth in Amended Exhibit 1A and Exhibit 1, these dates were also disclosed to Plaintiff in Wellman's Initial Discovery Responses on or about January 20, 2006. However, the only documents that were actually produced by Plaintiff to Wellman, in response to Wellman's formal written request for the production of documents concerning the payments and shipments during the preference period and prior to the preference period, were informally produced by Plaintiff on May 19, 2006, and were copies of statements sent by the Debtors' bank, Bank of America ("BofA"), to the Debtors setting forth the date, time, amount, destination

4

bank (Wellman's bank), and beneficiary (Wellman) of the eight wire transfers.  Upon

Wellman's finally obtaining from Plaintiff these BofA documents, which included the

time as well as the date of each of the wire transfers, Wellman obtained an affidavit from

an officer of BofA that stated what is obvious from the face of the documents, such as

that "date" means date and "time" means time, and stated the common knowledge that

wire transfers are executed virtually instantaneously.

11.    The original affidavit of Mr. Wolckenhauer also stated that the shipping

terms between Wellman and the Debtors did not change from the terms that were stated

in the contracts between Wellman and the Debtors, although the credit terms changed.  In

response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Wolckenhauer did not

have personal knowledge of this fact concerning the shipping terms, this statement was

also made in the affidavit of Diane Williams that was filed by Wellman with Defendant's

Reply Memo.

12.    The affidavits and documents filed with Defendant's Reply Memo were in

response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Wolckenhauer did not

have personal knowledge of some of the facts stated in his affidavit and that copies of the

documents alleged in his affidavit and Exhibit 1 thereto were not attached.  There was no

unfair surprise to Plaintiff by the affidavits and documents filed with Defendant's Reply

Memo, as the data concerning the payments and new value shipments were all alleged in

Mr. Wolckenhauer's original affidavit and Exhibit 1 and had been disclosed to Plaintiff at

least as early as January 20, 2006.    Accordingly, Wellman believes that Mr.

Wolckenhauer's original affidavit was sufficient under Rule 56(e); however, to reply to

Plaintiff's assertion that Mr. Wolckenhauer's original affidavit was not sufficiently

5

documented or that some of his statements were not within his personal knowledge, Wellman included the other affidavits and documents with Defendant's Reply Memo. *See, Liberty Curtin Concerned Parents v. Keystone Central School District*, 81 F.R.D. 590, 604 (E.D. Pa. 1978) (motion to strike affidavits in support of motion for summary judgment, based on alleged lack of personal knowledge of the affiants, was denied where additional affidavits cured any defects in the original affidavits); *New York State Energy Research and Development Authority v. Nuclear Fuel Services*, 561 F. Supp. 954, 960 (W.D.N.Y. 1983) (same).

13.    Notably, Plaintiff has never introduced any evidence disputing the dates of receipt by the Debtors of any of the subsequent new value shipments or the dates of receipt by Wellman of any of the checks or wire transfers, and in particular Plaintiff did not introduce any such evidence in support of Plaintiff's Opposition.

**B. Reopen Discovery, Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by Wellman, and Continue Trial.**

14.    If there is any prejudice to Plaintiff from Defendant's Reply Memo and accompanying affidavits, the appropriate remedy is to reopen discovery, continue the trial that is scheduled for August 30, 2006, and allow a sur-reply by Plaintiff to Defendant's Reply Memo and a sur-sur-reply by Wellman. This resolution was offered by Wellman to Plaintiff, but was rejected by Plaintiff, which chose instead to file Plaintiff's Motion to Strike.

15.    In *Freeman v. Minnesota Mining and Manufacturing*, 675 F. Supp. 877 (Del. 1987), the plaintiff filed a motion for summary judgment and sought to preclude the plaintiff from introducing any proof on an issue for which the plaintiff alleged the defendant had failed to supplement prior discovery responses pursuant to Fed. R. Civ. P.

Rule 26(e). The court stated that "[i]n applying Rule 26(e), the Court must focus on the prejudice and surprise to [the defendant] as well as [the defendant's] ability to cure the prejudice." 675 F. Supp. at 888. The court concluded:

> "The Court holds that [the plaintiff] did not violate Rule 26(e). This case is at the summary judgment stage, not trial. Any prejudice caused by introduction of the evidence can be cured by engaging in further discovery on [this] issue * * *.
>
> * * *
>
> "The Court notes that even if [the plaintiff] had violated Rule 26(e), the result would be the same – reopening discovery. The Court has discretion whether to impose sanctions and, if so, what type to impose. The Court should consider explanations for the failure to supplement, 'the importance of the testimony, the need for time to prepare to meet the testimony, and the possibility of a continuance.'" 675 F. Supp. at 889 & n.8 (citations omitted).

16.    The holding in Freeman was based in part on *Meyers v. Pennypack Woods Home Ownership Ass'n.*, 559 F.2d 894 (3rd Cir. 1977), where the court was requested to exclude testimony at trial by witnesses that were previously undisclosed. The Third Circuit noted that the factors to be considered in whether to allow testimony from witnesses that were not listed on a party's pretrial memorandum are bad faith by that party, ability of the party to have discovered the witnesses earlier, the validity of the excuse offered, willfulness of the party's failure to comply with the court's order, the party's intent to mislead or confuse his adversary, and the importance of the excluded testimony. 559 F.2d at 904. Underlying these factors are the basic considerations:

> "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order." 559 F.2d at 904-905.

17.    In holding that the district court abused its discretion in excluding the witnesses, the Third Circuit stated: "[T]he exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers*, 559 F.2d at 905 (citations omitted). *Accord, Halverson v. Campbell Soup Company*, 374 F.2d 810, 812 (7th Cir. 1967) (It was reversible error as an abuse of discretion for the trial court to have excluded a critical witness, where a recess of the trial would have allowed the opposing party to depose the witness and make a reasonable investigation and thereby be protected from prejudice while preserving the offering party's rights.).

18.    Further, the *Meyers* court noted that the other party was made aware of these witnesses three weeks before trial, yet made no effort to depose or serve interrogatories on the new witnesses.    The court found that this party had "some obligation to take steps to minimize its alleged prejudice and surprise." *Meyers*, 559 F.2d at 905.

19.    In the present case, Plaintiff became aware of the affidavits and documents of which it complains more than a month before the scheduled trial, and Wellman offered Plaintiff the opportunity to depose these individuals at Plaintiff's convenience, but Plaintiff refused.   In looking at the *Meyers* factors, whatever prejudice that Plaintiff may have suffered from the affidavits and exhibits accompanying Defendant's Reply Memo, which Wellman asserts is minimal or nonexistent, that prejudice may be readily cured by allowing Plaintiff to depose any of Wellman's affiants that were not listed on Wellman's initial disclosures, namely Mses. Trammell and Williams, and allowing Plaintiff to file a sur-reply brief.   Further, there was no bad faith or willfulness in Wellman's actions in

supplementing Wellman's Summary Judgment Motion in response to Plaintiff's technical, but not substantive, attack on Mr. Wolckenhauer's affidavit.

20.    Wellman's proposed course of action would not disrupt the orderly and efficient trial of the case or of other cases in this Court. According to the status report filed by Plaintiff on July 27, 2006, there are five pending adversary proceedings in these cases for which trial is scheduled for August 30, 2006. All of these trials cannot go forward on that date and continuation of some is inevitable, so continuation of the trial in this adversary proceeding will not disrupt the Court and will allow the Court to consider Wellman's Summary Judgment Motion. If the Court decides that motion on the merits, then trial can be avoided altogether.

21.    Finally, there would be enormous prejudice to Wellman if Plaintiff's Motion to Strike is granted. Plaintiff has asserted a preference claim against Wellman in the amount of $2,863,981.18 based upon the payments made to Wellman during the preference period. During this period of time, Wellman shipped new product to the Debtors of $3,048,855.03, which exceeded the amount of the payments to Wellman. However, as shown by Amended Exhibit 1A, the timing of these payments and shipments is such that, applying solely the subsequent new value defense of 11 U.S.C. § 547(c)(4), Wellman would have a liability of, not zero, but $196,567.48. Clearly, if Plaintiff's Motion to Strike were granted, and Wellman's Summary Judgment Motion were to be denied, Plaintiff would renew its objection, based on the very same grounds, to the testimony at trial of the affiants whose affidavits accompanied Defendant's Reply Memo. If granted at trial, Wellman would not be able to present its subsequent new value defense, and may be subject to judgment for the full amount of $3,048,855.03. This

9

would indeed be the "extreme sanction" that the Third Circuit in *Meyers* would not impose absent a showing of willful deception or flagrant disregard of a court order.

22.    Plaintiff's failure to introduce any evidence in the form of affidavits or documents attempting to factually refute any of the statements made by Wellman in Wellman's Summary Judgment Motion and the accompanying statement of material facts and affidavit is indicative that the factual underpinning of Wellman's Summary Judgment Motion is valid and correct. Plaintiff has a burden to come forward by affidavits or by depositions, answers to interrogatories, and admissions on file to designate specific facts showing that there is a general issue for trial, *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 274 (1986), but Plaintiff has failed and refused to do so. Instead, Plaintiff has interposed a technical argument that is essentially nothing more than an assertion that business records have not been properly authenticated.

23.    Rule 56(f) provides:

"Should it appear *from the affidavits of a party opposing the motion* that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (emphasis added).

Thus, the Federal Rules of Civil Procedure contemplate the resolution proposed by Wellman of continuing the trial and permitting further depositions to be taken. Notably, however, Plaintiff has not provided any *affidavit* alleging that Plaintiff was unable to present facts to oppose the statements in Wellman's affidavits, nor has Plaintiff provided any affidavit opposing any of the statements in Wellman's affidavits.

24.    In *Celotex*, the Supreme Court stated:

10

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' * * * Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." 477 U.S. at 327, 106 S. Ct. at 2555, 91 L. Ed. 2d at 276.

25.    The *Meyers* factors and considerations are met by the readily available course of continuing the scheduled trial, reopening discovery so that Plaintiff may depose Mses. Trammell and Williams, and allowing Plaintiff to file a sur-reply.  However, Wellman anticipates that Plaintiff may file affidavits and documents with its sur-reply, which will raise issues not raised by Plaintiff's Opposition, and, therefore, Wellman requests that it be permitted to file a sur-sur-reply to Plaintiff's sur-reply.

**C.  Withdrawal of Affirmative Defenses Other than Subsequent New Value.**

26.    In its answer filed in this adversary proceeding, Wellman asserted various affirmative defenses in addition to the defense of subsequent new value under 11 U.S.C. § 547(c)(4).  Wellman hereby withdraws all of those affirmative defenses except for the defense of subsequent new value under 11 U.S.C. § 547(c)(4).

27.    Based upon this withdrawal, Wellman believes that the Court can completely determine this adversary proceeding through a ruling on Wellman's Summary Judgment Motion.

Wherefore, having fully responded to Plaintiff's Motion to Strike, Wellman moves the Court for an order as follows:

1.    Denying Plaintiff's Motion to Strike;

11

2.    Continuing the trial until a time to be determined after the Court's ruling

on Wellman's Summary Judgment Motion;

3.    Reopening discovery to allow Plaintiff to take the depositions of Renda

Trammell and Diane Williams; and

4.    Permitting the filing of a sur-reply brief by Plaintiff and a sur-sur-reply

brief by Wellman.

Respectfully Submitted,

Dated: August 10, 2006                  ADELMAN LAVINE GOLD AND LEVIN,
                                        A Professional Corporation

                                        /s/ Bradford J. Sandler
                                        Bradford J. Sandler, Esquire (No. 4142)
                                        919 North Market Street, Suite 710
                                        Wilmington, Delaware 19801
                                        Telephone: 302-654-8200
                                        Facsimile: 302-654-8217

                                             -and-

                                        David M. Grogan, Esquire
                                        N.C. Bar No. 19570
                                        SHUMAKER, LOOP & KENDRICK, LLP
                                        128 South Tryon Street, Suite 1800
                                        Charlotte, North Carolina 28202
                                        Telephone: 704-375-0057
                                        Facsimile: 704-332-1197

                                        *Attorneys for the Defendant*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PILLOWTEX CORPORATION, *et al.,* | ) | Case No. 03-12339 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF | ) | |
| PILLOWTEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-30215 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| WELLMAN, INC. a/k/a WELLMAN, | ) | |
| INC., CHAR/ATLANTA a/k/a | ) | |
| WELLMAN, INC., CHARLOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL,
REOPEN DISCOVERY, AND ALLOW SUR-REPLY BY PLAINTIFF
AND SUR-SUR-REPLY BY DEFENDANT**

On motion of defendant Wellman, Inc. ("Wellman"), for (A) a continuation of the

trial scheduled in this adversary proceeding, (B) the allowance of a sur-reply brief by

Plaintiff and a sur-sur-reply brief by Wellman, and (C) the reopening of discovery to

accommodate certain depositions by Plaintiff; and the Court finding good cause therefor,

now therefore, it is hereby

ORDERED as follows:

1.      Plaintiff's motion to strike (X) portions of Wellman's brief in reply to

plaintiff's opposition to Wellman's motion for partial summary judgment, (Y) portions of

Wellman's amended statement of uncontroverted facts, and (Z) certain affidavits in support of Wellman's brief in reply be and hereby is denied in its entirety;

2.    The trial in this adversary proceeding is continued until a time to be determined after the Court's ruling on Wellman's summary judgment motion;

3.    Discovery in this adversary proceeding is reopened solely to allow Plaintiff to take the depositions of Renda Trammell and Diane Williams; and

4.    Plaintiff is authorized to file a sur-reply brief, and any supporting affidavits, to Wellman's brief in reply to Plaintiff's opposition to Wellman's motion for summary judgment, with such sur-reply brief to be filed no later than 60 days after entry of this order; and

5.    Wellman is authorized to file a sur-sur-reply brief, and any supporting affidavits, with such sur-sur-reply brief to be filed no later than 10 days after service of Plaintiff's sur-reply brief.

Dated this _____ day of _____, 2006.


_____
Kevin J. Carey
United States Bankruptcy Judge

2

## <u>TAB 2</u>

*Defendant's Motion to Continue Trial, Reopen Discovery, and Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by Defendant; Response to Plaintiff's Motion to Strike Defendant's Reply Brief and Accompanying Amended Statement of Uncontroverted Facts and Affidavits; and Withdrawal of Certain Affirmative Defenses,* filed August 10, 2006 in Adversary Proceeding Case No. 05-52131

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PILLOWTEX CORPORATION, *et al.*, | ) | Case No. 03-12339 (PJW) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| THE OFFICIAL COMMITTEE OF | ) | |
| UNSECURED CREDITORS OF | ) | |
| PILLOWTEX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 05-52131 (KJC) |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN & EFRID, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO CONTINUE TRIAL, REOPEN DISCOVERY,
AND ALLOW SUR-REPLY BY PLAINTIFF AND SUR-SUR-REPLY BY
DEFENDANT; RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S REPLY BRIEF AND ACCOMPANYING AMENDED
STATEMENT OF UNCONTROVERTED FACTS AND AFFIDAVITS; AND
WITHDRAWAL OF CERTAIN AFFIRMATIVE DEFENSES**

Defendant American & Efird, Inc. ("A&E"), (1) moves for (A) a continuation of

the trial scheduled in this adversary proceeding, (B) the allowance of a sur-reply brief by

Plaintiff and a sur-sur-reply brief by A&E, and (C) the reopening of discovery to

accommodate certain depositions by Plaintiff; (2) makes this response to Plaintiff's

motion to strike ("Plaintiff's Motion to Strike") (X) portions of A&E's brief in reply

("Defendant's Reply Memo") to Plaintiff's opposition ("Plaintiff's Opposition") to

Defendant's motion for partial summary judgment ("A&E's Summary Judgment

Motion"), (Y) portions of Defendant's amended statement of uncontroverted facts in

support of motion for summary judgment ("Defendant's Amended Statement"), and (Z) affidavits in support of Defendant's Reply Memo; and (3) withdrawal of all affirmative defenses asserted in Defendant's answer except for the defense of subsequent new value under 11 U.S.C. § 547(c)(4). In support thereof, A&E states as follows:

1.      A&E agrees with Plaintiff's "Background" facts as stated in paragraphs 1 through 4 and 6 and 7 of Plaintiff's Motion to Strike.   A&E disputes Plaintiff's "Background" facts as stated in paragraph 5 of Plaintiff's Motion to Strike to the extent that A&E disputes Plaintiff's assertion that "various crucial facts asserted in [A&E's Summary Judgment Motion] were not based on admissible evidence or personal knowledge and thus not in compliance with Fed. R. Civ. P. 56(e)."

2.      A&E also states that it responded to Plaintiff's initial discovery requests ("A&E's Initial Discovery Responses") on or about March 2, 2006.

**A.  There was no violation of Local Rule 7007-2(b)(ii).**

3.      A&E's Summary Judgment Motion relied on the affidavit of L. Richard Heavener, who is A&E's Vice President Credit & Accounts Receivable.  This affidavit included an Exhibit 1 that calculated the subsequent new value defense by setting forth a description of each of the payments received during the preference period and the date that each was received, and a description of each of the invoices that comprised subsequent new value and the date that each new value was given.

4.      In response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Heavener did not have personal knowledge of some of the statements in his affidavit or of the documents identified on the Exhibit 1 to his affidavit and that copies of the documents were not attached, A&E, in support of the Defendant's Reply Memo, included

2

the supplemental affidavit of Mr. Heavener with an Amended Exhibit 1A that contained all of the data points in the original Exhibit 1 but also identified, by Bates number, the copy of the invoice that had previously been produced *by* Plaintiff *to* A&E, and copies of these documents were attached to this supplemental affidavit. For those invoices listed on Amended Exhibit 1A for which A&E had not received a copy from the Plaintiff, which numbered 50 out of the total of 304 invoices, A&E obtained copies of these invoices from its records and attached them as an exhibit to the affidavit of Brenda Miller.

5.      With regard to these additional "subsequent new value" invoices, the affidavit of Brenda Miller essentially authenticated that the copies of these documents were true and accurate and were admissible as A&E's business records.

6.      In A&E's Initial Discovery Responses, which were provided to Plaintiff on or about March 2, 2006, A&E identified by invoice date, number, and amount each of the invoices listed on Amended Exhibit 1A and Exhibit 1.

7.      With regard to the dates that the payments made by check to A&E by the Debtors were received, which dates were set forth in Amended Exhibit 1A and Exhibit 1, these dates were also disclosed to Plaintiff in A&E's Initial Discovery Responses on or about March 2, 2006.

8.      The affidavit of Ms. Miller attached the copies of the receipts from A&E's bank and authenticated that the copies of these documents were true and accurate and were admissible as A&E's business records.

9.      The original affidavit of Mr. Heavener also stated that the shipping terms between A&E and the Debtors did not change from the terms that were stated in the

3

contracts between A&E and the Debtors, although the credit terms changed. In response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Heavener did not have personal knowledge of this fact concerning the shipping terms, this statement was also made in the affidavit of Ellis Brotherton that was filed by A&E with Defendant's Reply Memo.

10.    In response to assertions in Plaintiff's Opposition that Mr. Heavener did not have personal knowledge of other facts, A&E also submitted the affidavit of Steve McCotter on the issue that products were not shipped by A&E prior to the date on the invoice for those products, and the affidavit of Eric Allen on the issue of when shipments were picked up at A&E's facilities for delivery to the Debtors and when those shipments were delivered to the Debtors.

11.    The affidavits and documents filed with Defendant's Reply Memo were in response to Plaintiff's assertion in Plaintiff's Opposition that Mr. Heavener did not have personal knowledge of some of the facts stated in his affidavit and that copies of the documents alleged in his affidavit and Exhibit 1 thereto were not attached. There was no unfair surprise to Plaintiff by the affidavits and documents filed with Defendant's Reply Memo, as the data concerning the payments and new value shipments were all alleged in Mr. Heavener's original affidavit and Exhibit 1 and had been disclosed to Plaintiff at least as early as March 2, 2006. Accordingly, A&E believes that Mr. Heavener's original affidavit was sufficient under Rule 56(e); however, to reply to Plaintiff's assertion that Mr. Heavener's original affidavit was not sufficiently documented or that some of his statements were not within his personal knowledge, A&E included the other affidavits and documents with Defendant's Reply Memo. *See, Liberty Curtin Concerned Parents v. Keystone Central School District*, 81 F.R.D. 590, 604 (E.D. Pa. 1978) (motion to strike

4

affidavits in support of motion for summary judgment, based on alleged lack of personal knowledge of the affiants, was denied where additional affidavits cured any defects in the original affidavits); *New York State Energy Research and Development Authority v. Nuclear Fuel Services*, 561 F. Supp. 954, 960 (W.D.N.Y. 1983) (same).

12.    Notably, Plaintiff has never introduced any evidence disputing the dates of receipt by the Debtors of any of the subsequent new value shipments or the dates of receipt by A&E of any of the checks, and in particular Plaintiff did not introduce any such evidence in support of Plaintiff's Opposition.

## B. Reopen Discovery, Allow Sur-Reply by Plaintiff and Sur-Sur-Reply by A&E, and Continue Trial.

13.    If there is any prejudice to Plaintiff from Defendant's Reply Memo and accompanying affidavits, the appropriate remedy is to reopen discovery, continue the trial that is scheduled for August 30, 2006, and allow a sur-reply by Plaintiff to Defendant's Reply Memo and a sur-sur-reply by A&E. This resolution was offered by A&E to Plaintiff, but was rejected by Plaintiff, which chose instead to file Plaintiff's Motion to Strike.

14.    In *Freeman v. Minnesota Mining and Manufacturing*, 675 F. Supp. 877 (Del. 1987), the plaintiff filed a motion for summary judgment and sought to preclude the plaintiff from introducing any proof on an issue for which the plaintiff alleged the defendant had failed to supplement prior discovery responses pursuant to Fed. R. Civ. P. Rule 26(e). The court stated that "[i]n applying Rule 26(e), the Court must focus on the prejudice and surprise to [the defendant] as well as [the defendant's] ability to cure the prejudice." 675 F. Supp. at 888. The court concluded:

5

"The Court holds that [the plaintiff] did not violate Rule 26(e). This case is at the summary judgment stage, not trial. Any prejudice caused by introduction of the evidence can be cured by engaging in further discovery on [this] issue * * *.

\* \* \*

"The Court notes that even if [the plaintiff] had violated Rule 26(e), the result would be the same – reopening discovery. The Court has discretion whether to impose sanctions and, if so, what type to impose. The Court should consider explanations for the failure to supplement, 'the importance of the testimony, the need for time to prepare to meet the testimony, and the possibility of a continuance.'" 675 F. Supp. at 889 & n.8 (citations omitted).

15.    The holding in Freeman was based in part on *Meyers v. Pennypack Woods Home Ownership Ass'n.*, 559 F.2d 894 (3rd Cir. 1977), where the court was requested to exclude testimony at trial by witnesses that were previously undisclosed. The Third Circuit noted that the factors to be considered in whether to allow testimony from witnesses that were not listed on a party's pretrial memorandum are bad faith by that party, ability of the party to have discovered the witnesses earlier, the validity of the excuse offered, willfulness of the party's failure to comply with the court's order, the party's intent to mislead or confuse his adversary, and the importance of the excluded testimony. 559 F.2d at 904. Underlying these factors are the basic considerations:

"(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the court's order." 559 F.2d at 904-905.

16.    In holding that the district court abused its discretion in excluding the witnesses, the Third Circuit stated: "[T]he exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception or 'flagrant

6

disregard' of a court order by the proponent of the evidence." *Meyers*, 559 F.2d at 905
(citations omitted). *Accord, Halverson v. Campbell Soup Company*, 374 F.2d 810, 812
(7th Cir. 1967) (It was reversible error as an abuse of discretion for the trial court to have
excluded a critical witness, where a recess of the trial would have allowed the opposing
party to depose the witness and make a reasonable investigation and thereby be protected
from prejudice while preserving the offering party's rights.).

17.    Further, the *Meyers* court noted that the other party was made aware of
these witnesses three weeks before trial, yet made no effort to depose or serve
interrogatories on the new witnesses.   The court found that this party had "some
obligation to take steps to minimize its alleged prejudice and surprise." *Meyers*, 559 F.2d
at 905.

18.    Plaintiff's alleged prejudice and surprise is curious, in that L. Richard
Heavener and Brenda Miller were identified in A&E's Rule 26(a) initial disclosures that
were served on Plaintiff on or about January 30, 2006.   However, Plaintiff never
requested that it depose these individuals.   It appears disingenuous for Plaintiff to now
assert unfair surprise, implying that, if only the names of Messrs. Allen, Brotheron, and
McCotter had been listed on A&E's initial disclosures, Plaintiff would have deposed
these individuals.

19.    In the present case, Plaintiff became aware of the affidavits and documents
of which it complains more than a month before the scheduled trial, and A&E offered
Plaintiff the opportunity to depose these individuals at Plaintiff's convenience, but
Plaintiff refused.   In looking at the *Meyers* factors, whatever prejudice that Plaintiff may
have suffered from the affidavits and exhibits accompanying Defendant's Reply Memo,

7

which A&E asserts is indeed nonexistent, that prejudice may be readily cured by allowing Plaintiff to depose any of A&E's affiants that were not listed on A&E's initial disclosures, namely Messrs. Allen, Brotheron, and McCotter, and allowing Plaintiff to file a sur-reply brief. Further, there was no bad faith or willfulness in A&E's actions in supplementing A&E's Summary Judgment Motion in response to Plaintiff's technical, but not substantive, attack on Mr. Heavener's affidavit.

20.    A&E's proposed course of action would not disrupt the orderly and efficient trial of the case or of other cases in this Court. According to the status report filed by Plaintiff on July 27, 2006, there are five pending adversary proceedings in these cases for which trial is scheduled for August 30, 2006. All of these trials cannot go forward on that date and continuation of some is inevitable, so continuation of the trial in this adversary proceeding will not disrupt the Court and will allow the Court to consider A&E's Summary Judgment Motion. If the Court decides that motion on the merits, then trial can be avoided altogether.

21.    Finally, there would be enormous prejudice to A&E if Plaintiff's Motion to Strike is granted. Plaintiff has asserted a preference claim against A&E in the amount of $326,295.90 based upon the payments made to A&E during the preference period. During this period of time, A&E shipped new product to the Debtors of $218,865.02. As shown by Amended Exhibit 1A, the timing of these payments and shipments is such that, applying solely the subsequent new value defense of 11 U.S.C. § 547(c)(4), A&E would have a liability of $107,430.88. Clearly, if Plaintiff's Motion to Strike were granted, and A&E's Summary Judgment Motion were to be denied, Plaintiff would renew its objection, based on the very same grounds, to the testimony at trial of the affiants whose

8

affidavits accompanied Defendant's Reply Memo.  If granted at trial, A&E would not be able to present its subsequent new value defense, and may be subject to judgment for the full amount of $326,295.90.  This would indeed be the "extreme sanction" that the Third Circuit in *Meyers* would not impose absent a showing of willful deception or flagrant disregard of a court order.

22.    Plaintiff's failure to introduce any evidence in the form of affidavits or documents attempting to factually refute any of the statements made by A&E in A&E's Summary Judgment Motion and the accompanying statement of material facts and affidavit is indicative that the factual underpinning of A&E's Summary Judgment Motion is valid and correct.  Plaintiff has a burden to come forward by affidavits or by depositions, answers to interrogatories, and admissions on file to designate specific facts showing that there is a general issue for trial, *Celotex v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 274 (1986), but Plaintiff has failed and refused to do so. Instead, Plaintiff has interposed a technical argument that is essentially nothing more than an assertion that business records have not been properly authenticated.

23.    Rule 56(f) provides:

> "Should it appear *from the affidavits of a party opposing the motion* that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (emphasis added).

Thus, the Federal Rules of Civil Procedure contemplate the resolution proposed by A&E of continuing the trial and permitting further depositions to be taken.  Notably, however, Plaintiff has not provided any *affidavit* alleging that Plaintiff was unable to present facts

to oppose the statements in A&E's affidavits, nor has Plaintiff provided any affidavit opposing any of the statements in A&E's affidavits.

24.    In *Celotex*, the Supreme Court stated:

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' * * * Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." 477 U.S. at 327, 106 S. Ct. at 2555, 91 L. Ed. 2d at 276.

25.    The *Meyers* factors and considerations are met by the readily available course of continuing the scheduled trial, reopening discovery so that Plaintiff may depose Messrs. Allen, Brotheron, and McCotter, and allowing Plaintiff to file a sur-reply. However, A&E anticipates that Plaintiff may file affidavits and documents with its sur-reply, which will raise issues not raised by Plaintiff's Opposition, and, therefore, A&E requests that it be permitted to file a sur-sur-reply to Plaintiff's sur-reply.

## C. Withdrawal of Affirmative Defenses Other than Subsequent New Value.

26.    In its answer filed in this adversary proceeding, A&E asserted various affirmative defenses in addition to the defense of subsequent new value under 11 U.S.C. § 547(c)(4).  A&E hereby withdraws all of those affirmative defenses except for the defense of subsequent new value under 11 U.S.C. § 547(c)(4).

27.    Based upon this withdrawal, A&E believes that the Court can completely determine this adversary proceeding through a ruling on A&E's Summary Judgment Motion.

Wherefore, having fully responded to Plaintiff's Motion to Strike, A&E moves the Court for an order as follows:

1.     Denying Plaintiff's Motion to Strike;

2.     Continuing the trial until a time to be determined after the Court's ruling on A&E's Summary Judgment Motion;

3.     Reopening discovery to allow Plaintiff to take the depositions of Eric Allen, Ellis Brotheron, and Steve McCotter; and

4.     Permitting the filing of a sur-reply brief by Plaintiff and a sur-sur-reply brief by A&E.

Respectfully Submitted,

Dated: August 10, 2006

ADELMAN LAVINE GOLD AND LEVIN,
A Professional Corporation

/s/ Bradford J. Sandler
Bradford J. Sandler, Esquire (No. 4142)
919 North Market Street, Suite 710
Wilmington, Delaware  19801
Telephone:  302-654-8200
Facsimile:  302-654-8217

-and-

David M. Grogan, Esquire
N.C. Bar No. 19570
SHUMAKER, LOOP & KENDRICK, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina  28202
Telephone:  704-375-0057
Facsimile:  704-332-1197

*Attorneys for the Defendant*

11

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| PILLOWTEX CORPORATION, *et al.*, | ) | Case No. 03-12339 (PJW) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
| THE OFFICIAL COMMITTEE OF | ) |  |
| UNSECURED CREDITORS OF | ) |  |
| PILLOWTEX CORPORATION, | ) |  |
|  | ) |  |
| Plaintiff, | ) | Adv. Proc. No. 05-52131 (KJC) |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| AMERICAN & EFRID, INC., | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## ORDER GRANTING DEFENDANT'S MOTION TO CONTINUE TRIAL, REOPEN DISCOVERY, AND ALLOW SUR-REPLY BY PLAINTIFF AND SUR-SUR-REPLY BY DEFENDANT

On motion of defendant American & Efird, Inc. ("A&E"), for (A) a continuation of the trial scheduled in this adversary proceeding, (B) the allowance of a sur-reply brief by Plaintiff and a sur-sur-reply brief by A&E, and (C) the reopening of discovery to accommodate certain depositions by Plaintiff; and the Court finding good cause therefor, now therefore, it is hereby

ORDERED as follows:

1.    Plaintiff's motion to strike (X) portions of A&E's brief in reply to plaintiff's opposition to A&E's motion for partial summary judgment, (Y) portions of

A&E's amended statement of uncontroverted facts, and (Z) certain affidavits in support of A&E's brief in reply be and hereby is denied in its entirety;

     2.     The trial in this adversary proceeding is continued until a time to be determined after the Court's ruling on A&E's summary judgment motion;

     3.     Discovery in this adversary proceeding is reopened solely to allow Plaintiff to take the depositions of Eric Allen, Ellis Brotheron, and Steve McCotter;

     4.     Plaintiff is authorized to file a sur-reply brief, and any supporting affidavits, to A&E's brief in reply to Plaintiff's opposition to A&E's motion for summary judgment, with such sur-reply brief to be filed no later than 60 days after entry of this order; and

     5.     A&E is authorized to file a sur-sur-reply brief, and any supporting affidavits, with such sur-sur-reply brief to be filed no later than 10 days after service of Plaintiff's sur-reply brief.

     Dated this _____ day of _____, 2006.


                             _____
                             Kevin J. Carey
                             United States Bankruptcy Judge