IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pillowtex Corporation, *et al.*, | ) | Bankruptcy Case No. 03-12339-PJW |
|     Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| Wellman, Inc. and American & Efird, Inc. | ) | Civil Action No. 07-cv-00411-GMS |
|     Appellants | ) | |
| | ) | Re: Docket Items 2908, 2925, 2954, 2957 |
| v. | ) | AP 07-66 |
| | ) | |
| Pillowtex Corporation, *et al.* | ) | |
|     Appellees | ) | |

**MOTION FILED BY APPELLANTS,
WELLMAN, INC. AND AMERICAN & EFIRD, INC.,
SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF
FROM THE STANDING ORDER DATED JULY 23, 2004
RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS
<u>FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT</u>**

Appellants, Wellman, Inc. and American & Efird, Inc. (collectively, the "Appellants"), by and through their undersigned counsel, hereby move this Court for an order granting relief from the Standing Order (the "Standing Order") of this Court dated July 23, 2004, requiring mandatory mediation of appeals to this Court from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and in support of their motion, the Appellants aver as follow:

**<u>Background</u>**

1.    On July 30, 2003 (the "Petition Date"), Pillowtex Corporation and fifteen of its affiliates (the "Debtors") filed for bankruptcy protection under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On March 31, 2005, the Bankruptcy Court entered an order authorizing the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' bankruptcy cases to bring certain causes of actions on behalf of the Debtors and their estates, including actions to avoid transfers of property under Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code.

3. The Committee instituted an adversary proceeding against each of the Appellants by filing a complaint against each of them seeking to avoid and recover alleged preferential and/or fraudulent transfers (the "Adversary Proceedings").

4. Each of the Appellants filed a motion for partial summary judgment (the "Summary Judgment Motions") in their respective Adversary Proceeding. The Summary Judgment Motions have been fully briefed, and the parties to the Adversary Proceedings are awaiting the Bankruptcy Court's ruling on those motions.

## Stein Fibers Ltd. Settlement Motion

5. Subsequently, on April 26, 2007, the Debtors filed a motion (the "Settlement Motion") seeking the Court's approval of a settlement agreement and release of claims with Stein Fibers Ltd.[1] ("Stein") [Bankr. Docket No. 2879].

6. In the Settlement Motion, the Debtors were seeking to settle certain allegedly preferential payments (the "Disputed Payments") which the Debtors believed were due and owing by Stein.

7. The Settlement Motion failed to disclose the amount of the aggregate amount of the alleged preference payments.

8. The Settlement Motion stated that, in return for the Debtors' release of the preference claim arising from the Disputed Payments, Stein will (1) withdraw with prejudice its prepetition, nonpriority, unsecured claim no. 221 filed against Debtor Fieldcrest Cannon, Inc., in

---

[1] Stein is a member and Chair of the Committee.

the amount of $24,010.11, (2) reduce its prepetition, nonpriority, unsecured claim no. 220 filed against Debtor PTEX, Inc., in the amount of $978,108.81 to $601,271.35, and (3) not file any further prepetition claims against the Debtors.

9. Nowhere in the Settlement Motion did the Debtors state the aggregate value, in the form of estimated distribution forgone by Stein, of these reductions of Stein's prepetition, nonpriority, unsecured claims in the aggregate amount of $400,847.57.

10. Upon request by counsel for Wellman following the filing of the Settlement Motion, Debtors' counsel revealed that the aggregate amount of the preferential payments made to Stein was $2,182,479.11.

11. The disclosure statement filed by the Debtors and approved by the Court states in Appendix B that the estimated distribution to prepetition, nonpriority, unsecured claims in these cases is between 8.0 and 11.0 percent. Therefore, the proposed reduction of Stein's claims in the aggregate amount of $400,847.57 would have the estimated effect of reducing the distribution to Stein by approximately $32,000 to $44,000.

12. Thus, under the settlement proposed in the Motion, Stein is escaping liability on the preference claim of $2,182,479.11 by forgoing a distribution of approximately 1.5 to 2.0 percent of the preference claim amount.

13. The Bankruptcy Court granted the Settlement Motion.

**The Appeal from the Stein Fibers Ltd. Settlement Motion**

14. The Appellants timely filed a notice of appeal to this Court, and subsequently, in accordance with and pursuant to the Standing Order, the Clerk's Office assigned this appeal to a mediator.

15. The issues on appeal in this matter are the following: (i) whether the Debtors had established a sufficient evidentiary foundation for the Bankruptcy Court to determine the Debtors' proposed settlement of the claims against Stein Fibers Ltd.; and (ii) whether the Bankruptcy Court erred in approving the Debtors' proposed settlement of the claims against Stein Fibers Ltd. on the record that was before the Bankruptcy Court.

16. It is important to note that the parties are not appealing the computation of the Disputed Payments or the settlement amount set forth in the Settlement Motion, but rather are appealing so that this Court can determine whether the Bankruptcy Court had enough evidence in front of it to permit it to approve the Settlement Motion.

17. Indeed, the issues on appeal require this Court to determine as a matter of law whether the Bankruptcy Court abused its discretion, and such a determination is appropriately decided by this Court, not a mediator.

18. Accordingly, the Appellants submit that it is appropriate for the parties to this appeal to get relief from the Standing Order, and to proceed with a briefing schedule so that this Court can resolve the legal issues at bar.

*[Remainder of this page left blank.]*

WHEREFORE, the Appellants respectfully request that this Court enter an Order granting relief from the Standing Order, directing the parties to proceed to establish a briefing schedule, and granting such other and further relief as is just and proper.

    Respectfully Submitted,

    BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

    /s/ Bradford J. Sandler
    Bradford J. Sandler, Esquire (No. 4142)
    222 Delaware Avenue, Suite 801
    Wilmington, Delaware 19801
    Telephone: 302-442-7007
    Facsimile: 302-442-7012
    bsandler@bfca.com

        and

    David M. Grogan, Esquire
    N.C. Bar No. 19570
    SHUMAKER, LOOP & KENDRICK, LLP
    128 South Tryon Street, Suite 1800
    Charlotte, North Carolina 28202
    Telephone: 704-375-0057
    Facsimile: 704-332-1197

    *Attorneys for Appellants, Wellman, Inc., and*
    *American & Efird, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pillowtex Corporation, et al., | ) | Bankruptcy Case No. 03-12339-PJW |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| Wellman, Inc. and American & Efird, Inc. | ) | Civil Action 1:07-cv-00411-GMS |
| | ) | |
| Appellants | ) | Re: Docket Items 2908, 2925, 2954, 2957 |
| | ) | AP 07-66 |
| v. | ) | |
| | ) | |
| Pillowtex Corporation, et al. | ) | |
| Appellees | ) | |

**ORDER GRANTING THE MOTION FILED BY APPELLANTS,
WELLMAN, INC. AND AMERICAN & EFIRD, INC.,
SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF
FROM THE STANDING ORDER DATED JULY 23, 2004
RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS
<u>FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT</u>**

Upon consideration of the Motion filed by Appellants, Wellman, Inc. and American & Efird, Inc., Seeking the Entry of an Order Granting Relief From the Standing Order Dated July 23, 2004 Re: Procedures to Govern Mediation of Appeals From the United States Bankruptcy Court for this District (the "Motion"), responses thereto, if any, and good cause shown, it is hereby

ORDERED that the Motion is granted in its entirety; and it is further

2.

ORDERED that the Clerk's Office of this Court is directed to establish a briefing schedule so that the Appellants and Appellees can brief this matter for adjudication in accordance with the Rules of this Court.

BY THE COURT:

_____
Gregory M. Sleet, Chief U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Pillowtex Corporation, et al., | ) | Bankruptcy Case No. 03-12339-PJW |
|     Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| Wellman, Inc. and American & Efird, Inc. | ) | Civil Action No. 07-cv-00411-GMS |
|     Appellants | ) | |
| | ) | Re: Docket Items 2908, 2925, 2954, 2957 |
| v. | ) | |
| | ) | AP 07-66 |
| Pillowtex Corporation, et al. | ) | |
|     Appellees | ) | |

**CERTIFICATE OF SERVICE RELATING TO THE MOTION
FILED BY APPELLANTS, WELLMAN, INC. AND AMERICAN & EFIRD, INC.,
SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE STANDING
ORDER DATED JULY 23, 2004 RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS
FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT**

    I, Bradford J. Sandler, hereby certify that I caused a true and correct copy of the **Motion Filed by Appellants, Wellman, Inc. and American & Efird, Inc., Seeking the Entry of an Order Granting Relief from the Standing Order Dated July 23, 2004 Re: Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for This District** to be served on the following by the method indicated:

    ***Via* Hand Delivery**
    Gilbert R. Saydah, Jr., Esq.
    Morris, Nichols, Arsht & Tunnell LLP
    Post Office Box 1347
    Wilmington, Delaware  19899-1347
    GSaydah@MNAT.com
    Counsel to the Debtors

    ***Via* United States First Class Mail, Postage Prepaid**
    Michael E. Wiles, Esq.
    Richard F. Hahn, Esq.
    Debevoise & Plimpton LLP
    919 Third Avenue
    New York, New York  10022
    rhahn@debevoise.com
    Counsel to the Debtors

2.

***Via* Hand Delivery**
Richard G. Elliott, Jr., Esquire
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE  19801
Elliott@rlf.com
Court Appointed Mediator

/s/ Bradford J. Sandler
Bradford J. Sandler
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE  19801
302-442-7010 (Main)
302-442-7012 (Fax)
bsandler@bfca.com

2.