IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> PILLOWTEX CORPORATION, et al.,[1] ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Bankruptcy Case No. 03-12339 (PJW) <br> Jointly Administered |
| ) <br> Wellman Inc. and American & Efird Inc., ) <br> ) <br> Appellants ) <br> v. ) <br> ) <br> Pillowtex Corporation ,et al., ) <br> ) <br> Appellees ) <br> ) | Case No. 07-cv-00411 (GMS) <br><br> **Re: Docket Item 6** |

**RESPONSE OF JOHN WAHOSKI, AS LIQUIDATING TRUSTEE, IN
OPPOSITION TO MOTION FILED BY APPELLANTS, WELLMAN, INC. AND
AMERICAN & EFIRD, INC., SEEKING THE ENTRY OF AN ORDER
GRANTING RELIEF FROM THE STANDING ORDER DATED
JULY 23, 2004 RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS
FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT**

John Wahoski, as Liquidating Trustee (the "Liquidating Trustee") of Pillowtex

Corporation and its affiliated debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), hereby responds to and opposes the *Motion Filed By Appellants,*

*Wellman, Inc. And American & Efird, Inc., Seeking The Entry Of An Order Granting Relief*

*From The Standing Order Dated July 23, 2004 Re: Procedures To Govern Mediation Of Appeals*

---

[1] In addition to Pillowtex Corporation, the other debtors were Beacon Manufacturing Company, Encee, Inc., FC Online, Inc., FCC Canada, Inc., FCI Corporate LLC, FCI Operations LLC, Fieldcrest Cannon Financing, Inc., Fieldcrest Cannon Licensing, Inc., Fieldcrest Cannon Transportation, Inc., Fieldcrest Cannon, Inc., The Leshner Corporation, Opelika Industries, Inc., PTEX Holding Company, PTEX, Inc. and Tennessee Woolen Mills, Inc.

*From The United States Bankruptcy Court For This District* (A.D.I. 6)[2] (the "Motion") seeking to avoid mandatory mediation of the above-captioned appeal (the "Appeal") filed by Wellman, Inc. ("Wellman") and American & Efird, Inc. ("A&E", and collectively with Wellman, the "Appellants"). As its opposition, the Liquidating Trustee respectfully states as follows:[3]

## BACKGROUND

1. Appellants, two of the few remaining defendants whose preference cases have not settled, objected to a settlement between the Debtors and Stein Fibers Ltd. ("Stein") (D.I. 2891) (the "Objection"), alleging that the Debtors treated Stein, a member of the Official Committee of Unsecured Creditors (the "Committee"), differently from other preference defendants with respect to the issue of unpaid new value, the sole remaining issue in Appellants' preference cases.[4] In reality, the Debtors treated Stein no differently from any other preference defendant,

---

[2] References herein to the District Court appeal docket are denoted (A.D.I. ___).
References herein to the Bankruptcy Court docket are denoted (D.I. ___).

[3] Nothing contained in this objection shall constitute an admission in any litigation and/or other matter or proceeding involving the Debtors, the Liquidating Trustee, the Estate Representative, Appellants and/or Stein. Additionally, the Liquidating Trustee reserves all of its rights and remedies regarding seeking reimbursement of fees and costs or other sanctions related to mediation and/or responding to Appellants' Motion.

[4] Both Wellman and A&E have "put all of their eggs in one basket" and have waived all defenses except new value under Section 547(c)(4) of the Bankruptcy Code. Both Wellman and A&E state: "In its answer filed in this adversary proceeding, [Wellman/A&E] asserted various affirmative defenses in addition to the defense of new value under 11 U.S.C. § 547(c)(4), [Wellman/A&E] hereby withdraws all of those affirmative defenses except for the defense of subsequent new value under 11 U.S.C. § 547(c)(4)." *See* ¶ 26 of Defendant's Motion to Continue Trial, Reopen Discovery, And Allow Sur-Reply By Plaintiff And Sur-Sur-Reply By Defendant; Response To Plaintiff's Motion To Strike Defendant's Reply Brief and Accompanying Amended Statement of Uncontroverted Facts And Affidavits; and Withdrawal Of Certain Affirmative Defenses; D.I. 55 in Adversary Case No. 05-30215 (KJC) [Wellman] and D.I. 51 in Adversary Case No. 05-52131 (KJC) [A&E]. As stated in the Objection, Appellants believe that subsequent new value need not remain unpaid in order to offset preferential payments. The Committee, which was the Plaintiff in Appellants' preference cases, took the opposite position based on the Third Circuit's decision in *New York City Shoes, Inc. v. Bentley Int'l, Inc. (In re New York City Shoes, Inc.),* 880 F.2d 679 (3d Cir. 1989) – that subsequent new value must remain unpaid to offset preferential payments. This issue has been briefed on motions for summary judgment and the parties await a ruling from the Honorable Kevin J. Carey.

and Appellants' Objection appears to have been merely an attempt to gain settlement leverage in their own pending preference cases.

2. In response to the Objection, the Debtors filed a reply (D.I. 2897) (the "Reply"), in which the Debtors set forth the preference data and methodology they used in arriving at the conclusion that the settlement with Stein Fibers was fair and reasonable, in the best interests of their estates and creditors, and a valid exercise of their business judgment. Based on the Debtors' motion and Reply, and after hearing argument from counsel for the Debtors and Appellants, the Bankruptcy Court overruled the Objection and entered an order (D.I. 2908) granting the Debtors' motion and approving the settlement with Stein. Appellants subsequently appealed.

3. Pursuant to this Court's standing order dated July 23, 2004 (the "Standing Mediation Order"), the Appeal was assigned to mandatory mediation in late June 2007. On July 16, 2007, the parties and mediator held a pre-mediation conference call, during which the parties and mediator agreed that mediation would take place on September 26, 2007, and that mediation statements would be submitted to the mediator by September 12, 2007.

4. At approximately 4:00 PM on September 12, 2007, after the Liquidating Trustee had prepared and submitted its mediation statement, Appellants filed their Motion seeking to avoid mandatory mediation of this Appeal. Appellants, who had participated in the selection of these deadlines almost two months earlier, gave the Liquidating Trustee no warning that they would be filing the Motion and seeking to avoid mediation.[5]

---

[5] On the afternoon of September 11, 2007, the day before mediation statements were due, local counsel for Appellants called counsel for the Liquidating Trustee to inquire as to the Liquidating Trustee's thoughts on mediation. Counsel for the Liquidating Trustee expressed that mediation should occur as scheduled. At no time during that conversation did Appellant's local counsel indicate that Appellants would be filing the Motion.

5.      On September 21, 2007, the mediator informed the parties that mediation would occur as scheduled. Only after Appellants refused to attend was mediation continued until the Liquidating Trustee had an opportunity to respond to Appellants' Motion.

6.      On September 26, 2007, the Mediator informed the parties that mediation would occur in mid-to-late October and requested dates when the parties are available. In response, the Liquidating Trustee provided the Mediator with such dates. Appellants refused to do so, and instead told the mediator via email that he should "stand down".

## ARGUMENT

### A.  Mediation is Mandatory and Appropriate

7.      This Court's Standing Mediation Order is clear that "it is appropriate and necessary for there to be *mandatory* mediation of *all* appeals to this Court from the Bankruptcy Court" (emphasis added). The Standing Mediation Order provides no mechanism for opting out of mediation, regardless of the issues raised or the nature of the appeal. Rather, the Court states twice in the Standing Mediation Order that mediation and the Court-ordered procedures are "mandatory."

8.      Appellants suggest that mediation is inappropriate when an appeal involves a disputed question of law, but cites no precedent in support of that position. Appeals from the Bankruptcy Court frequently involve disputed issues of law, yet the Standing Mediation Order is clear that mediation of all such appeals is mandatory.

9.      Additionally, Appellants' characterization of the issues disputed in the Appeal is inaccurate. While Appellants go out of their way to claim that this Appeal involves only disputed issues of law, in reality, this Appeal revolves almost entirely around disputed issues of

4

fact – namely, whether Stein was treated differently from other defendants, whether the amount of the settlement with Stein was adequate and whether the Bankruptcy Court was presented with sufficient evidence to approve the Settlement. These are precisely the type of issues where the assistance of a mediator may be beneficial.

10. Finally, the Liquidating Trustee believes that bringing the parties together and giving them the opportunity to discuss the disputed issues in person may result in a better understanding of the parties' positions and, hopefully, a consensual resolution of this and other disputed matters.

**B.   The Motion Violates D. Del. LR 7.1.1 And Should Be Denied Or Dismissed**

11. In addition, the Court should deny or dismiss the Motion as it is in clear violation of Rule 7.1.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules"). Prior to filing any non-dispositive motion, Local Rule 7.1.1 mandates that the movant make a reasonable effort to reach agreement with the opposing attorneys on the matter set forth in the Motion, and file with the Motion a statement setting forth such efforts. "Failure to do so may result in dismissal of the motion." D. Del. L.R. 7.1.1. As Appellants never discussed the Motion with the Liquidating Trustee prior to filing it, they have not and cannot comply with Local Rule 7.1.1, and the Court should deny or dismiss the Motion.

12. This Court has held that a motion may be denied or stricken for failure to comply with Local Rule 7.1.1. *See DeWitt v. Penn-Del Directory Corp.*, 912 F.Supp 707, 713 (D. Del. 1996) (striking motion to compel discovery for plaintiff's "blatant" failure to comply with Local Rule 7.1.1 and Court order also directing communication between counsel prior to filing a

motion); *see also Bayer AG v. Housey Pharmaceuticals, Inc.*, 2002 WL 31433303, *2 (D. Del. 2002)[6] (denying motion to compel discovery because it lacked a Local Rule 7.1.1 statement).

13.    Further, the Third Circuit has held that such actions do not constitute an abuse of discretion on the part of the District Court. *See DeWitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 520 n.5 (3d Cir. 1997)("On appeal to us, Dewitt asserts, *inter alia*, ... that the district court abused its discretion by denying Dewitt's motion to compel discovery responses because Dewitt failed to comply with the requirements of Rule 7.1.1 of the Local Rules of the United States District Court for the District of Delaware. We have reviewed each of these allegations and find that they are without merit."); *see also Smith v. Oelenschlager*, 845 F.2d 1182, 1184-85 (explaining that "local rules play 'a vital role in the district court's efforts to manage themselves and their dockets,'" and holding that dismissal of an appeal for failure to order a transcript within the time set forth in the local rules "was hardly an abuse of discretion ... even to an innocent party whose counsel made an honest mistake. Any other holding would undermine the power of the district courts to enforce their own local rules." (citations omitted)).

14.    Denial or dismissal of Appellant's motion is appropriate because counsel for Appellants have repeatedly disregarded Court-ordered procedures. For instance, lead counsel for the Appellants, Shumaker, Loop & Kendrick, LLP ("Shumaker"), represented the Debtors as an ordinary course professional during these bankruptcy proceedings and explicitly pledged, in a sworn affidavit filed by Shumaker in order to be retained by the Debtors, that it would not represent any party adverse to the Debtors in these cases. In its affidavit, Shumaker made the following pledge to the Bankruptcy Court:

---

[6]    A copy of this decision is attached hereto as <u>Appendix A</u>.

6

> Shumaker, Loop & Kendrick, LLP and its members and associates and counsel may have in the past represented, may currently represent, and/or may in the future represent entities that are claimants of the Debtors in matters totally unrelated to these pending Chapter 11 cases. *Shumaker, Loop & Kendrick, LLP does not and will not represent any such entity in connection with these pending Chapter 11 cases and does not have any connection with any such entity that would be adverse to the Debtors or their estates.*

(D.I. 435 at ¶10)(emphasis added).

Now, without having obtained a written conflict waiver as required by Rule 1.7 of the Delaware Lawyers' Rules of Professional Conduct, or having disclosed this conflict to the Bankruptcy Court, Shumaker is prosecuting an appeal directly adverse to the Debtors in plain violation and disregard of its sworn pledge to the contrary.[7]

15.   Appellants' disregard of Local Rule 7.1.1 and their attempt to avoid mandatory mediation are simply further examples of Appellants' belief that Court orders, rules and procedures should not apply to them and need not be followed.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

---

[7] Following oral argument on the motion to approve the settlement with Stein, the Debtors learned that David Grogan and Shumaker acted as one of the Debtors' ordinary course professionals during the pendency of these bankruptcy cases, receiving in excess of $100,000 in fees and expenses. Time records indicate that Mr. Grogan personally performed significant work on the Debtors' behalf. The Liquidating Trustee makes no representation regarding the propriety of payments made to Shumaker and does not waive the right to challenge Shumaker's fees in connection with its role as an ordinary course professional, or otherwise to assert a conflict of interest or other violation in connection with the dual representation, at a later date, should the Liquidating Trustee determine that such challenge or assertion is warranted.

## CONCLUSION

16. For the reasons set forth above, the Liquidating Trustee respectfully requests that the Court deny or dismiss Appellants' motion to avoid mandatory mediation of this Appeal.

Dated: September 26, 2007
      Wilmington, Delaware

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ Gilbert R. Saydah, Jr.*
                                William H. Sudell, Jr. (No. 463)
                                Gilbert R. Saydah, Jr. (No. 4304)
                                1201 North Market Street
                                Wilmington, Delaware  19801
                                Telephone:  (302) 658-9200

                                and

                                DEBEVOISE & PLIMPTON LLP
                                Michael E. Wiles
                                Richard F. Hahn
                                919 Third Avenue
                                New York, New York 10022
                                Telephone:  (212) 909-6000

                                Counsel for the Liquidating Trustee

1239696.3

**APPENDIX A**

Westlaw.

Not Reported in F.Supp.2d                                                                                               Page 1
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Bayer Ag v. Housey Pharmaceuticals, Inc.
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
BAYER AG and Bayer Corporation, Plaintiffs,
v.
HOUSEY PHARMACEUTICALS, INC., Defendant.
No. Civ.A. 01-148-SLR.

June 20, 2002.

MEMORANDUM ORDER
ROBINSON, J.
*1 At Wilmington this 20th day of June, 2002, having reviewed the papers submitted in connection with the various discovery motions;

IT IS ORDERED that:

1. Plaintiffs' motion to compel the production of documents withheld on grounds of privilege and to compel answers to deposition questions. (D.I.138)

a. The motion is granted with respect to the redacted portions of the invention reports. Defendant has produced redacted versions of its invention reports in order to share the " original scientific research information supporting the Housey patents." (D.I. 144 at 6) According to defendant, " [t]hese unredacted versions of Housey's invention reports also disclose otherwise privileged communications limited to the issues of conception and reduction to practice." (*Id.*) The question is whether, as defendant suggests, the waiver of privilege is appropriately limited to the subjects of conception and reduction to practice without extending to the subject of ownership of the patented inventions, an issue very much in dispute instantly. In the context of the invention reports, the court concludes that the issue of ownership is so intertwined with the issues of conception and reduction to practice that the waiver cannot be limited in the fashion suggested by defendant. As recognized by the Federal Circuit, " [c]onception is the touchstone of inventorship." *Burroughs Wellcome Co. v. Barr Labs., Inc.,* 40 F.3d 1223, 1227 (Fed.Cir.1994). Therefore, the conception analysis necessarily involves the question of when and to whom patent rights should attach. *Seeid.* at 1228-29.The court will not permit defendant to dissect the invention reports so that only those parts of the inventive process that support its position are disclosed, otherwise using the attorney-client privilege to shield from disclosure relevant information concerning the remainder of the inventive process.

b. The motion is granted with respect to the advice of counsel given in connection with the statement made to the Progenics stockholders, that is: " While Dr. Housey has been advised by patent counsel that such claims are without legal foundation, there can be no guarantees that such claims will not be asserted." (D.I.140, Ex. 3) Although the court does not believe this statement effects a wholesale waiver as to the subject matter of ownership, the fact that the substance of the advice was disclosed to third parties and that Dr. Housey benefitted from such disclosure does constitute a waiver as to the exact advice given by patent counsel in this regard.

c. The motion is denied in all other respects.

2. Plaintiffs' motion to limit the introduction of evidence. (D.I.145) If not mooted by the court's decision above, the court will grant this motion as follows: If defendant does not produce the requested evidence supporting the existence of experiments and other data disclosed in the patents in suit, defendant shall be precluded from relying on that evidence at trial and plaintiffs shall be permitted to argue the negative inference that such experiments were not performed by Dr. Housey and/or did not generate the data disclosed in the patents in suit.

*2 3. Defendant's motion to compel the production of plaintiffs' unredacted research documents reflecting financial expenditures and documents reflecting financial analyses. (D.I.151) Said motion is denied, as it lacks a D. Del. L.R. 7.1.1 statement.

4. Defendant's motion to compel full disclosure from third-party fact witnesses retained by plaintiffs and Roche. (D.I.149) This motion is granted, to the following extent: As the court understands the papers submitted, all of the " third-party fact witnesses" identified by defendant have specific knowledge of allegedly critical facts relating to the issue of ownership of the patents in suit, facts upon which

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 2
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

plaintiffs intend to rely. As pointed out by defendant, three of the witnesses (Drs. Weinstein, Hsiao and Johnson) submitted themselves to the jurisdiction of the court when moving for a protective order (D.I.94), and the fourth witness (Dr. Ueffing) is an expert witness for plaintiffs. Under these circumstances, the court concludes that it has personal jurisdiction over these individuals in connection with this related discovery motion. The court further concludes that, to the extent any of these witnesses will be called at trial by plaintiffs to testify about ownership of the patents in suit, defendant is entitled to fully explore the witnesses' bias, including their compensation and what, if any, work they have been hired to perform in connection with this and related litigation. On or before June 27, 2002, plaintiffs shall either have arranged for such disclosure, or shall have informed the court that they do not intend to call these witnesses at trial.

D.Del.,2002.
Bayer Ag v. Housey Pharmaceuticals, Inc.
Not Reported in F.Supp.2d, 2002 WL 31433303 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

A-2

**CERTIFICATE OF SERVICE**

       I, Gilbert R. Saydah, Jr., hereby certify that I am not less than 18 years of age, and that on September 26, 2007, I electronically filed the foregoing **Response Of John Wahoski, As Liquidating Trustee, In Opposition To Motion Filed By Appellants, Wellman, Inc. And American & Efird, Inc., Seeking The Entry Of An Order Granting Relief From The Standing Order Dated July 23, 2004 Re: Procedures To Govern Mediation Of Appeals From The United States Bankruptcy Court For This District** (the "Opposition") with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Bradford J. Sandler, Esq. (bsandler@bfca.com).

I further certify that on September 26, 2007, service of the Opposition was made on the following parties in the following manners:

**VIA HAND DELIVERY AND FACSIMILE**

Bradford J. Sandler, Esq.
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7012 – facsimile


**VIA FIRST CLASS MAIL AND FACSIMILE**

David M. Grogan, Esq.
Shumaker Loop & Kendrick, LLP
128 South Tryon Street, Suite 1800
Charlotte, NC 28202
(704) 332-1197 – facsimile


Dated: September 26, 2007
       Wilmington, Delaware

                                               /s/ Gilbert R. Saydah, Jr.
                                       Gilbert R. Saydah, Jr. (No. 4304)
                                       MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                       1201 North Market Street, 18th Floor
                                       Wilmington, Delaware 19801
                                       Telephone: (302) 658-9200
                                       gsaydah@mnat.com