IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| Pillowtex Corporation, *et al.*, | ) | |
|     Debtors. | ) | |
| | ) | |
| Wellman, Inc. and American & Efird, Inc. | ) | Civil Action 1:07-cv-00411-GMS |
| | ) | |
|     Appellants | ) | Bankruptcy Case No. 03-12339-PJW |
| | ) | Jointly Administered |
| v. | ) | |
| | ) | Re: Docket Items 2908, 2925, 2954, 2957 |
| Pillowtex Corporation, *et al.* | ) | AP 07-66 |
|     Appellees | ) | |

**AMENDED REPLY[1] TO THE RESPONSE OF JOHN WAHOSKI, AS LIQUIDATING TRUSTEE, IN OPPOSITION TO MOTION FILED BY APPELLANTS, WELLMAN, INC. AND AMERICAN & EFIRD, INC., SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE STANDING ORDER DATED JULY 23, 2004 RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT**

Appellants, Wellman, Inc. and American & Efird, Inc. (collectively, the "Appellants"), by and through their undersigned counsel, hereby reply to the response (the "Response") filed by the Appellees in opposition to the motion (the "Motion") made by Appellants seeking the entry of an Order granting relief from the Standing Order (the "Standing Order") of this Court dated July 23, 2004, requiring mandatory mediation of appeals to this Court from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and in support of their reply and in further support of the Motion, the Appellants aver as follow:

---

[1] This Amended Reply relates back to, and replaces in its entirety, the original Reply filed on October 3, 2007.

### I. The Appellees Do Not (and Cannot) Dispute the Substantive Issues Raised in the Motion

1. The Response makes no substantive argument against the granting of the Motion. Indeed, clear reason dictates that the Motion should be granted for the reasons set forth in the Motion and this Reply.

2. The Appellees, having no substantive arguments, rely on disingenuous procedural arguments: in essence, Appellees argue that the Motion should not be granted because the Appellants did not state that Appellants made a reasonable effort to reach an agreement on the matters set forth in the Motion (relying on Rule 7.1.1). In making this procedural argument, Appellees seem to suggest (or at least seem to want the reader to infer) that the Appellants did not reach out to Appellees prior to filing the Motion. This is simply not true.

3. On September 11, 2007 (a day prior to the filing of the Motion, and more than two weeks prior to the scheduled mediation date), counsel for the Appellants telephoned and spoke (the "Conversation") with counsel to the Liquidating Trustee to explain that the Appellants do not understand how the issues on appeal in this case (i.e., (i) whether the Debtors had established a sufficient evidentiary foundation for the Bankruptcy Court to determine the Debtors' proposed settlement of the claims against Stein Fibers Ltd. ("Stein"); and (ii) whether the Bankruptcy Court erred in approving the Debtors' proposed settlement of the claims against Stein on the record that was before the Bankruptcy Court) can be resolved in mediation. Counsel for the Appellants stated that the Appellants did not wish to mediate this matter since the issues to be resolved on appeal are pure legal issues and involve no divisible elements (i.e., there is no ability to make a Solomonic decision here).

4. During the Conversation (i.e., on September 11, 2007, prior to the date the Motion was filed), counsel for Appellees stated that he would get in touch with his client to see his view

regarding mediation. Later that day, counsel for Appellees stated (in a voicemail message) that his client wished to pursue the mediation. See Daily Timesheet (redacted) of Bradford J. Sandler, Esquire (#4142) referencing the Conversation attached hereto as Exhibit "A", which Exhibit is hereby incorporated herein by reference hereto. Frankly, based on the Conversation, it is surprising to read the Response's attempt to allude that the parties did not attempt to resolve this matter consensually. They did try, but could not resolve this matter consensually; hence, the Motion was filed.[2]

5.  The appeal in this matter centers around the issue of whether or not the Bankruptcy Court had sufficient evidence before it to make the ruling it made concerning the Stein settlement: Appellants believe that the Bankruptcy Court did not have sufficient evidence to make the ruling it made, and Appellees believe to the contrary. Undoubtedly, this is a pure legal dispute that only the Court can resolve.

6.  To attend a mediation session for mere fact of complying with the Standing Order (from which the Motion is seeking relief) is not an efficient use of time, money or resources of the respective parties; this is the reason the Appellants filed the Motion. Clearly, not all disputes can be, or should be, resolved by mediation, and for such disputes, parties should be able to seek (and should be granted) relief from the Standing Order.

7.  It is important also to note that there is no mention of prejudice in the Response due to the filing of the Motion. There will be absolutely no prejudice by the Court's granting the Motion. However, the parties' being forced to attend a mediation for a dispute that is not appropriate for mediation is anything but an efficient use of time, money or resources.

---

[2] Counsel for the parties disagree as to whether they discussed the filing of a motion seeking relief from the Standing Order, but regardless of this immaterial dispute, it is clear from the Conversation that this matter could not be, and was not, resolved consensually.

8. As a final point, the cases cited by the Appellees are matters that involved discovery disputes, which admittedly can sometimes be resolved consensually prior to a party's filing a motion to compel or other discovery motion. In this case, which does not involve the petty issues that often arise in discovery disputes, the parties did discuss the matter prior to the filing of the Motion, but they were unable to reach the same conclusion that mediation is not appropriate here since there is a basic philosophical disagreement as to whether this matter can be, or even should be, mediated.

9. It is clear that the Appellees do not disagree (and perhaps even implicitly agree) with the substantive arguments raised by Appellants in favor of relief from the Standing Order, and it is clear that there will be no prejudice to either party by having the Court grant the Motion (indeed, arguably, there will be prejudice if the Motion is not granted), and accordingly, for the reasons stated in the Motion, relief from the Standing Order is warranted and appropriate.

## II.   There is no Conflict with Regard to Counsel for the Appellants

10. The Appellees assert that the Appellants' counsel, Shumaker, Loop & Kendrick, LLP ("Shumaker") is somehow in conflict because of its prior representation of the Debtors. This assertion was raised informally by the Appellees' counsel several months ago, and nothing further was heard from the Appellees' counsel on this issue following Shumaker's explanation to the Appellees' counsel, which explanation is reiterated below. This assertion by the Appellees' counsel is without merit.

11. Just prior to the filing of these bankruptcy cases, Shumaker represented the Debtors in three bankruptcy matters: Beacon Blankets pending in the Western District of North Carolina, Bangor & Aroostook Railroad in the District of Maine, and Spartan International pending in the District of South Carolina. The Spartan International matter was concluded in the

weeks just prior to the Debtors' bankruptcy filing. After the Debtors filed their bankruptcy petitions, the Debtors applied for approval of Shumaker to represent the Debtors in the remaining two matters. The employment of Shumaker was pursuant to an omnibus motion for approval of numerous counsel and other professionals in the ordinary course of the Debtors' business. See Application for Order Authorizing Debtors to Employ and Retain Professional in the Ordinary Course of Business, filed July 30, 2003 [Docket No. 11], and Order Authorizing the Employment and Retention of Professionals in the Ordinary Course of Business (D.I. 11), entered September 23, 2003 [Docket No. 380]. Shumaker was *not* employed as the Debtors' main counsel in these bankruptcy cases, but rather was its counsel *for a specified special purpose* as provided under subsection (e) of section 327 of the Bankruptcy Code.

12.     Section 327(e) provides for employment of counsel for a specified special purpose if "such attorney does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*." (emphasis added). Shumaker completed its representation of the Debtors with regard to the Debtors' secured claims in Beacon Blankets and Bangor & Aroostook Railroad, and there has been no allegation of Shumaker's representing or holding any interest adverse to the Debtors with regard to either of these matters.

13.     In 2005, Shumaker was asked by the Appellants to represent them with regard to preference demands made in the Debtors' bankruptcy cases by the Creditors' Committee, which is one of the Appellants. In June 2005, David H. Conaway, a partner with Shumaker, had a telephone and email conversation with John Sterling, who is the current General Counsel of the Debtors and has been in that position well prior to Shumaker's first employment in the Beacon Blankets, Bangor & Aroostook Railroad, and Spartan Mills matters, and thus was well familiar

with Shumaker's representation of the Debtors in those matters and the results obtained. In those communications with Mr. Conaway, Mr. Sterling consented to Shumaker's representation of Appellants in these preference defenses.

14.     Appellees' counsel first raised this alleged conflict issue in May 2007, when Appellants objected to the Debtors' motion to approve a settlement, which is the subject of this appeal. Mr. Conaway again confirmed with Mr. Sterling at that time that there was no conflict in the prior representation of the Debtors as special counsel and the current representation of the Appellants. Attached hereto as Exhibit "B" is Mr. Conaway's email to Mr. Sterling confirming this conversation. The Appellees' counsel was informed of the approval by the Debtors' General Counsel of Shumaker's representation of the Appellants, and the Appellees' counsel made no mention of this alleged conflict of interest to the Bankruptcy Court at the time of the hearing on the motion that is the subject of this appeal.

15.     Having failed without explanation to raise this alleged conflict issue before the Bankruptcy Court, the Appellees now, on appeal, have raised it for the first time. The issue is without merit, because (i) as shown above, there is no conflict, and (ii) it is not relevant to the Appellants' motion for relief from the Standing Order.[3]

---

[3] Additionally, this conflict issue was known to Appellees previously, but since they chose not to raise it in the court below, they have waived their right to now challenge this issue on appeal

WHEREFORE, the Appellants request that this Court enter an Order granting relief from the Standing Order and directing the parties to proceed to establish a briefing schedule, and grant such other relief as is just and proper.

       Respectfully Submitted,

       BENESH, FRIEDLANDER, COPLAN & ARONOFF LLP

       */s/ Bradford J. Sandler*

       Bradford J. Sandler, Esquire (No. 4142)
       222 Delaware Avenue, Suite 801
       Wilmington, Delaware 19801
       Telephone: 302-442-7007
       Facsimile: 302-442-7012

       and

       David M. Grogan, Esquire
       N.C. Bar No. 19570
       SHUMAKER, LOOP & KENDRICK, LLP
       128 South Tryon Street, Suite 1800
       Charlotte, North Carolina 28202
       Telephone: 704-375-0057
       Facsimile: 704-332-1197

       Attorneys for Appellants, Wellman, Inc., and
       American & Efird, Inc.

| Timekeeper | Operator | Client | Client name | Matter | Matter name | Work date | Hours | Reference | Billable | Release Date | Converted | Convert Date | Narrative | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1124 | CDOLAN | 31032 | Wellman, Inc. | 00002 | Preference | 09/11/2007 | 0.25 | 1306261 | Y | 10/01/2007 | Y | 10/02/2007 | Various | Convert |

Various conferences with G. Saydak regarding stay mediation.

| | |
|---|---|
| From: | Conaway, David |
| Sent: | Wednesday, June 06, 2007 12:28 PM |
| To: | 'John Sterling (jsterling@ptxus.com)' |
| Cc: | Grogan, David |
| Subject: | Pillowtex |
| Contacts: | John Sterling |

Hi John,

Just wanted to recount some history for you based on our records.

SLK had no matters opened for Fieldcrest or Pillowtex from at least September 1999 which is when we joined Shumaker until 4/18/02. The Fireman's Fund insurance case which Ben Martin worked on was concluded at the old firm not later than Sept 1999, but I haven't pinpointed exactly when. My recollection is that is was early to mid 90's. Thus, I really don't believe we had anything for Pillowtex from early to mid 90's until 4/02.

We represented Parkdale Mills re Pillowtex #1 starting on 11/14/00 and last work done 3/7/01. We also represented Wellman in Pillowtex #1 starting 8/10/01 and last work 11/29/01. As we had no work from Pillowtex at that time, and frankly for some years prior to that, there would have been no need to request a conflict waiver for the Parkdale or Wellman matters.

Well after the Parkdale and Wellman matters were concluded, in April, 2002, Pillowtex asked us to represent it re Beacon and Bangor. We show that the Beacon matter was opened on 4/18/02 and the Bangor matter was opened on 4/30/02. Pillowtex also retained us to defend a preference claim in Spartan Mills in 12/02 and last work completed 7/03. By the way, it was a claim for 110K which was settled for zero.

In June 2005 we were asked to represent Wellman and American & Efird re the Pillowtex #2 preference claims. The Beacon matter had been virtually concluded, but there was still a small amount of work to be done on Bangor. Thus, on June 13, 2005 I contacted you by phone and email with a conflict waiver request. You called me on June 14, 2005 and left a voice mail indicating it was ok but wanting to talk through it with me. I have a contemporaneously typed out version of that voice mail. Then on June 16, you and I spoke by phone, and you consented to the waivers.

Yesterday, you indicated a recollection of discussion of conflict waiver, but thought it was in Pillowtex #1. I'm thinking you are remembering our discussion in June 2005, because there would have been no reason for us to have that discussion in 2000 or 2001.

We will communicate the essence of this to the Delaware firm. More than anything, I wanted for us to be squared away. Our relationship goes back a long way, and we make every effort to play by the book, and believe we did so in this case. I certainly want to maintain our good standing with you as good and completely ethical lawyers.

Thanks for the time.

David

David H. Conaway
Shumaker, Loop & Kendrick, LLP
128 South Tryon Street, Suite 1800
Charlotte, North Carolina 28202
Telephone: (704) 375-0057
Facsimile: (704) 332-1197
dconaway@slk-law.com
http://www.slk-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| Pillowtex Corporation, *et al.*, | ) | |
|     Debtors. | ) | |
| | ) | |
| Wellman, Inc. and American & Efird, Inc. | ) ) | Civil Action 1:07-cv-00411-GMS |
|     Appellants | ) ) | Bankruptcy Case No. 03-12339-PJW Jointly Administered |
| v. | ) ) | Re: Docket Items 2908, 2925, 2954, 2957 |
| Pillowtex Corporation, *et al.* | ) | AP 07-66 |
|     Appellees | ) | |

**CERTIFICATE OF SERVICE RELATING TO THE AMENDED REPLY TO THE RESPONSE OF JOHN WAHOSKI, AS LIQUIDATING TRUSTEE, IN OPPOSITION TO MOTION FILED BY APPELLANTS, WELLMAN, INC. AND AMERICAN & EFIRD, INC., SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE STANDING ORDER DATED JULY 23, 2004 RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT**

    I, Bradford J. Sandler, hereby certify that I caused a true and correct copy of the **AMENDED REPLY TO THE RESPONSE OF JOHN WAHOSKI, AS LIQUIDATING TRUSTEE, IN OPPOSITION TO THE MOTION FILED BY APPELLANTS, WELLMAN, INC. AND AMERICAN & EFIRD, INC., SEEKING THE ENTRY OF AN ORDER GRANTING RELIEF FROM THE STANDING ORDER DATED JULY 23, 2004 RE: PROCEDURES TO GOVERN MEDIATION OF APPEALS FROM THE UNITED STATES BANKRUPTCY COURT FOR THIS DISTRICT** to be served on the following by the method indicated:

*Via* **Hand Delivery**
Gilbert R. Saydah, Jr., Esq.
Morris, Nichols, Arsht & Tunnell LLP
Post Office Box 1347
Wilmington, Delaware 19899-1347
GSaydah@MNAT.com
Counsel to the Debtors

*Via* **United States First Class Mail, Postage Prepaid**
Michael E. Wiles, Esq.
Richard F. Hahn, Esq.
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
rhahn@debevoise.com
Counsel to the Committee

*Via* **Hand Delivery**
Richard G. Elliott, Jr., Esquire
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801
Elliott@rlf.com
Court Appointed Mediator

_____
Bradford J. Sandler
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
302-442-7010 (Main)
302-442-7012 (Fax)
bsandler@bfca.com